UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PAUL SANTIVANEZ,

        Petitioner,

v.                                        Case No. 5:19-cv-355-Oc-32PRL

UNITED STATES OF
AMERICA,

        Respondent.
_____

## ORDER

Petitioner Paul Santivanez filed a "Motion to Vacate, Set Aside or Correct Sentence Pu[r]suant to 28 USC 2241(f)(3) and Pursuant to 28 USC 2255(e)" in the Western District of Texas, San Antonio Division. See Doc. 1 (Petition). On July 29, 2019, the Honorable Orlando L. Garcia, Chief United States District Judge, transferred the Petition to this Court. See Doc. 3. Petitioner is challenging his federal (Western District of Texas) convictions for "arson causing death, use of a destructive device in an arson, possession of an unregistered destructive device, and conspiracy to commit these offenses." Doc. 1 at 4. He is currently confined at Coleman Federal Correctional Complex where he is serving "the statutory maximum term of life imprisonment on the arson causing death [conviction], and a consecutive statutory mandatory minimum sentence of 30 years on the use [of a destructive device conviction]." Id. In his Petition, Petitioner appears to allege that his 18 U.S.C. § 924(c)

conviction (use of a destructive device during arson) and sentence are no longer constitutionally valid in light of the new rule of constitutional law set forth in Johnson v. United States, 135 S. Ct. 2551 (2015); Sessions v. Dimaya, 138 S. Ct. 1204 (2018); and United States v. Davis, 139 S. Ct. 2319 (2019). See Docs. 1 at 12-14; 2 at 1.

A federal prisoner has two options when pursuing postconviction relief. "Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013) (quoting Darby v. Hawk–Sawyer, 405 F.3d 942, 944 (11th Cir. 2005)) (abrogated on other grounds). Challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). "[A] prisoner collaterally attacking his conviction or sentence may not avoid the various procedural restrictions imposed on . . . § 2255 motions by nominally bringing suit under § 2241." Id. at 1351. Here, Petitioner does not challenge the execution of his sentence but rather its legality. Therefore, § 2255, not § 2241, is the appropriate statutory vehicle for his claims. See, e.g., United States v. Cole, 417 F. App'x 922, 923 (11th Cir. 2011) (holding that "if [the petitioner] wishes to challenge the constitutionality of his sentence, the proper method is in collateral attack under 28 U.S.C. § 2255").

Petitioner, however, asserts § 2255's "savings clause" applies to his Petition, making his claim cognizable under § 2241. See Doc. 1 at 6-11. "The saving[s] clause . . . permits a prisoner to seek collateral review by filing a § 2241 petition only if the remedy available through § 2255 'is inadequate or ineffective to test the legality of his

2

detention.'" Strouse v. Warden, USP Coleman II, --- F. App'x ---, 2019 WL 4391220, at *1 (11th Cir. Sept. 13, 2019) (quoting 28 U.S.C. § 2255(e)). "To determine whether the § 2255 remedy is inadequate or ineffective . . . [the court] must consider whether [the petitioner] could have brought his current claims in a § 2255 motion." Id. (citing McCarthan v. Dir. Of Goodwill Industries-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017)). If the claim could have been brought in a § 2255 motion, "the § 2255 remedy is adequate and effective – even if the claims brought in [the § 2255] motion would have been dismissed due to a procedural bar, time limit, or circuit precedent." Id. (citing McCarthan, 851 F.3d at 1087, 1091).

Petitioner's claims fall squarely within the realm of § 2255. See Venta v. Warden, FCC Coleman-Low, No. 16-14986-GG, 2017 WL 4280936, * 1 (11th Cir. Aug. 3, 2017) (holding that intervening decision in Johnson, 135 S. Ct. at 2551, did not give district court jurisdiction to consider § 2241 petition because the remedy petitioner sought – vacatur of his sentence – could be achieved under § 2255). While Petitioner states that he previously filed a motion to vacate his sentence under § 2255 and that the District Court of the Western District of Texas denied his § 2255 motion, see Doc. 1 at 4, he cannot proceed under the savings clause simply because his current Petition may face a second or successive procedural bar. See McCarthan, 851 F.3d at 1086 (holding "procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy. The prisoner may still bring the claim"). As such, § 2255 remains Petitioner's exclusive remedy to raise this constitutional challenge to his sentence.

3

Further, a § 2255 motion collaterally attacking the constitutionality of a petitioner's sentence must be filed with the district court that imposed the petitioner's sentence. See 28 U.S.C. § 2255(a). If the petitioner seeks to file a second or successive § 2255 motion, the petitioner must first file an application with the appropriate court of appeals for an order authorizing the district court to consider the second or successive § 2255 motion. 28 U.S.C. § 2244(3)(A). Petitioner was convicted and sentenced in the Western District of Texas, San Antonio Division. See United States v. Jimenez, 256 F.3d 330 (5th Cir. 2001).[1] If Petitioner wishes to proceed with this claim, he should file an application for leave to file a second or successive § 2255 motion in the Fifth Circuit Court of Appeals. Accordingly, this action is due to be dismissed for lack of jurisdiction.

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of October, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

---

[1] Jimenez and Santivanez were co-defendants.

Jax-7
c: Paul Santivanez, #91551-080

Jax-7
c: Paul Santivanez, #91551-080